THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| KECIA HARRIS,<br>    Plaintiff,<br><br>v.<br><br>RLJ LODGING TRUST, TK ELEVATOR<br>MANUFACTURING, INC. and<br>TK ELEVATOR CORPORATION,<br>    Defendants. | DOCKET NO. 1:23-CV-10831-FDS |

**DEFENDANTS TK ELEVATOR MANUFACTURING, INC. AND TK ELEVATOR CORPORATION'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DEFENDANT RLJ LODGING TRUST'S CROSSCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

## INTRODUCTION

The defendants TK Elevator Manufacturing, Inc., and TK Elevator Corporation (the "TK Elevator Defendants") now move, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the plaintiff Keica Harris' complaint and the defendant RLJ Lodging Trust's (the "Trust") crossclaims for lack of subject-matter jurisdiction because neither of them has established complete diversity between Ms. Harris and all defendants.

This is a personal injury case. Ms. Harris alleges that she injured her right leg and ankle on June 24, 2020 while attempting to exit an elevator at the Wyndham Boston Beacon Hilton Hotel at 5 Blossom Street in Boston, Massachusetts (the "Beacon Hilton Hotel").[1] Ms. Harris claims that the elevator doors closed suddenly on her right leg and that those doors crushed and

---
[1] Exhibit 1, Plaintiff's Complaint at ¶¶ 5, 10.

1

pinned her legs for approximately 20 minutes until maintenance workers from the hotel evacuated her from the elevator.[2]  Ms. Harris asserts negligence claims against the Trust and the TK Elevator Defendants.[3]

The Trust answered Ms. Harris' complaint and denied her allegations.[4]  Additionally, the Trust asserts crossclaims against the TK Elevator Defendants for contractual indemnity, contribution, common-law indemnity, declaratory judgment and breach of contract.[5]

Subject matter jurisdiction in this Court is predicated solely upon diversity of citizenship under 28 U.S.C. § 1332.[6]  While Ms. Harris contends that the Trust is a corporation organized under Maryland law, her contention is simply incorrect.[7]  The Trust is a Maryland real estate investment trust.[8]  Under established law, a Maryland real estate investment trust is an unincorporated entity whose citizenship is determined by the citizenship of all of its members, which include, at minimum, its shareholders.  *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 381-382 (2016).  Here, Ms. Harris has not identified any shareholders of the Trust in her complaint.  Neither has the Trust identified any of its shareholders in its crossclaims.  Therefore, Ms. Harris' complaint and the Trust's crossclaims should be dismissed for lack of subject matter jurisdiction.

---

[2] Exhibit 1, Plaintiff's Complaint at ¶ 5.
[3] Exhibit 1, Plaintiff's Complaint at ¶¶ 13-25.
[4] Exhibit 2, the Trust's Answer and Crossclaims at pages 1-5.
[5] Exhibit 2, the Trust's Answer and Crossclaims at pages 5-13.
[6] Exhibit 1, Plaintiff's Complaint at ¶ 12.
[7] Exhibit 1, Plaintiff's Complaint at ¶ 2.  In its answer, the Trust admits that it is a Maryland corporation and, in its crossclaims, the Trust alleges that it is a Maryland corporation.  Exhibit 2, the Trust's Answer and Crossclaims at page 1, ¶ 2 and at page 5, ¶ 1.  The Trust's admission and allegation that it is a Maryland corporation are also incorrect.  **See Exhibits**.
[8] **Insert Exhibits**.

## STATEMENT OF THE FACTS

I. **The TK Elevator Defendants challenge the asserted jurisdictional facts as permitted by Fed. R. Civ. P. 12(b)(1).**

"The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). When challenging the existence of diversity of citizenship, the movant has two paths. *See id.* at 363. First, the movant can challenge the sufficiency of the allegations to establish diversity of citizenship. *Id.* With facial challenges, the movant raises a question of law without consenting to the facts and "the analysis is essentially the same as a Rule 12(b)(6) analysis." *Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021). Second, the movant can controvert the accuracy of the asserted jurisdictional facts and proffer evidence in support of its position. *Id.* Here, the TK Elevator Defendants follow the second path and make a factual challenge to the asserted jurisdictional facts. Therefore, the asserted jurisdictional facts "are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Id.*

II. **The erroneous jurisdictional allegations.**

Ms. Harris filed this lawsuit on April 19, 2023.[9] She asserted negligence claims against the Trust and the TK Elevator defendants.[10] Ms. Harris contends that she injured her right ankle and knee when an elevator door at the Beacon Hilton Hotel unexpectedly closed on her on June 24, 2020 at approximately 2:00 p.m.[11]

---

[9] Exhibit 1, Plaintiff's Complaint at page 1.
[10] Exhibit 1, Plaintiff's Complaint at ¶¶ 13-25.
[11] Exhibit 1, Plaintiff's Complaint at ¶¶ 5, 10.

Federal court jurisdiction is predicated on diversity of citizenship.[12] Ms. Harris alleges that she resides in Jacksonville, Florida.[13] Ms. Harris alleges that the Trust is a duly organized Maryland corporation with its principal place of business in Maryland and that it owns the Beacon Hilton Hotel.[14] Ms. Harris claims that TK Manufacturing, Inc. is a duly organized Delaware corporation with its principal place of business in Tennessee.[15] Ms. Harris avers that TK Elevator Corporation is a duly organized Delaware corporation with its principal place of business in Georgia.[16] She maintains that the TK Elevator Defendants were responsible for the "design, manufacture, installation, sale and maintenance of the subject elevator."[17] However, as discussed below, Ms. Harris is simply mistaken that the Trust is a Maryland corporation.

On May 23, 2023, the Trust answered Ms. Harris' complaint and filed crossclaims against the TK Elevator Defendants.[18] In its answer, the Trust incorrectly admitted it was a duly organized Maryland corporation having its principal place of business in Maryland.[19] In its crossclaims against the TK Elevator Defendants, the Trust also erroneously alleges that it is a duly organized Maryland corporation with its principal place of business in Maryland.[20]

However, the jurisdictional allegations made by Ms. Harris and the Trust do not end the jurisdictional inquiry because "[p]arties cannot establish subject matter jurisdiction merely by agreeing that the basis for jurisdiction is satisfied." *BRT Mgmt. LLC v. Malden Storage LLC*, 2023 U.S. App. LEXIS 12568 at * 11 (1st Cir. May 22, 2023).

---

[12] Exhibit 1, Plaintiff's Complaint at ¶ 12.
[13] Exhibit 1, Plaintiff's Complaint at ¶ 1.
[14] Exhibit 1, Plaintiff's Complaint at ¶ 2.
[15] Exhibit 1, Plaintiff's Complaint at ¶ 3.
[16] Exhibit 1, Plaintiff's Complaint at ¶ 4.
[17] Exhibit 1, Plaintiff's Complaint at ¶¶ 7-8.
[18] Exhibit 2, The Trust's Answer and Crossclaims at page 1.
[19] Exhibit 2, The Trust's Answer and Crossclaims at page 1, ¶ 2.
[20] Exhibit 2, The Trust's Answer and Crossclaims at page 5, ¶ 1.

**III.     By its own admission in public filings with the State of Maryland and with the Securities and Exchange Commission and on its website, the Trust has stated that it is a Maryland real estate investment trust.**

The Trust was formed as a Maryland real estate investment trust on January 31, 2011.[21] The Declaration of Trust clearly states: "[t]he trust shall not be deemed a general partnership, limited partnership, joint venture, limited liability company, joint stock company or a corporation. . . ."[22] Since its formation, the Trust has elected to be taxed as a Maryland real estate investment trust for federal income tax purposes.[23] Additionally, the trust has not undertaken any steps to convert from a Maryland real estate investment trust into a Maryland corporation.[24] Furthermore, RLJ's own website describes the company as a Maryland real estate investment trust.[25]

The Trust was formed to succeed to the hotel investment and ownership platform of RLJ Development, LLC and its two remaining, lodging-focused private equity funds, Fund II and Fund II.[26] The Trust was formed to qualify for and obtain the federal income tax benefits of a real estate investment trust.[27] At the time of the Trust's formation, Fund II and III had a combined total equity commitment of over $1.9 billion.[28] As part of the Trust's formation, all of

---

[21] Exhibit 3, Declaration of Trust; Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 5, Form S-11 Registration Statement at page 14.
[22] Exhibit 3, Declaration of Trust at page 1, Article I.
[23] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 5, Form S-11 Registration Statement at 17.
[24] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 6, Articles Supplementary; Exhibit 7, Resolution; Exhibit 8, Filing History.
[25] Exhibit 9, Website Screenshot.
[26] Exhibit 5, Form S-11 Registration Statement at page 106.
[27] Exhibit 5, Form S-11 Registration Statement at pages 17, 49-50.
[28] Exhibit 5, Form S-11 Registration Statement at page 106.

the investors in RLJ Development, LLC as well as Fund II and III received common shares and continued to be equity owners of the Trust.[29]

The Trust describes itself as "a self-advised and self-administered REIT that owns primarily premium-branded, rooms-oriented, high-margin, focused service and compact full-service hotels located within the heart of demand locations."[30]  Substantially all of the Trust's assets and liabilities are held by, and all of its operations are conducted through RLJ Lodging Trust, L.P. , the "Operating Partnership."[31]  As of March 31, 2023 the Trust owned 97 hotel properties with approximately 21,400 rooms located in 23 states and the District of Columbia.[32]

The Trust is publicly traded on the New York Stock Exchange under the stock symbol "RLJ."[33]

## ARGUMENT

**I.      Ms. Harris and the Trust have the burden of establishing diversity jurisdiction.**

"Diversity jurisdiction allows federal courts to adjudicate controversies between citizens of different states."  *BRT Mgmt. LLC*, 2023 U.S. App. LEXIS 12568 at *8, *citing* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332.  Under the federal statute – § 1332 – diversity must be complete; "no plaintiff may be a citizen of the same state as any defendant."  *Id.*, *citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992).  "The burden of establishing federal jurisdiction rests on . . . the party invoking federal jurisdiction."  *Id.* at *8-9, *quoting Carrozza v. CVS Pharm. Inc.*, 992 F.3d 44, 51 (1st Cir. 2021).

---

[29] Exhibit 5, Form S-11 Registration Statement at page 106.
[30] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19.
[31] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 5, Form S-11 Registration Statement at page 15.
[32] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19.
[33] Exhibit 9, Website Screenshot.

**II.     Ms. Harris and the Trust have not sustained their burden of establishing diversity of citizenship because the Trust takes the citizenship of its shareholders, none of whom are identified in the pleadings.**

The touchstone for establishing diversity jurisdiction are the citizenships of the parties before the court.  *Id.* at *9.  The relevant citizenship is the parties' and their members' citizenship when the lawsuit was filed.  *Id.* at *6 n. 6, *citing Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 14 (1st Cir. 2019).

"Natural persons are citizens of the state in which they are domiciled."  *Id.* at *9, *citing Aponte-Davila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016).  "But for legal entities, the Supreme Court has explained that the relevant citizenship for diversity purposes is generally the citizenship of the entity's members." *Id.*  "There is a 'limited exception for corporations'"; a corporation is 'considered a citizen of the State where it has its principal place of business,' as well as a citizen of its state of incorporation." *Id.*, quoting *Americold Realty Trust*, 577 U.S. at 381.  "But Congress never expanded this grant of citizenship to include artificial entities other than corporations, such as joint-stock companies or limited partnerships." *Id.*, quoting *Americold Realty Trust*, 577 U.S. at 381.  In *BRT Mgmt.*, the First Circuit held that a limited liability company "takes the citizenship of all its members." *Id.* at *10.

In *Americold Realty Trust*, the Supreme Court held that, for purposes of diversity jurisdiction, a Maryland real estate investment trust's members include its shareholders. 577 U.S. at 382.  Americold Realty Trust was a real estate investment trust organized under Maryland law. *Id.* at 382.  Americold Realty Trust removed a lawsuit brought against it in the Kansas state court concerning a contract dispute and an underground food-storage warehouse fire to the Federal District Court for the District of Kansas. *Id.* at 379-380.  Americold Realty Trust owned the

warehouse.  *Id.* at 379.  It was sued by a group of corporations whose food perished in that fire.  *Id.*

The Supreme Court rejected the argument that a Maryland real estate investment trust should be treated the same as a corporation in determining diversity of citizenship.  *Id.* at 383-384.  For unincorporated entities, such as a Maryland real estate investment trust, the *Americold Realty Trust* court "adhere[d] to [its] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'"  *Id*. at 381, *quoting Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990), *quoting Chapman v. Barney*, 129 U.S. 677, 682 (1889).  The Supreme Court also emphasized that, in Maryland, a real estate investment trust is an "unincorporated business trust or association" in which property is held and managed "for the benefit and profit of any person who may become a shareholder."  *Id.* at 382, *quoting* Md. Corp. & Assns. Code Ann. §§ 8-101(c), 8-102.

Here, diversity of citizenship is determined under the rule set forth in *Americold Realty Trust*.  Like the real estate investment trust involved in *Americold Realty Trust*, the Trust is a Maryland real estate investment trust and not a corporation.  The Trust was formed as a Maryland real estate investment trust ("REIT") on January 31, 2011.[34]  Since its formation, the Trust has elected to be taxed as a Maryland real estate investment trust for federal income tax purposes.[35]  Additionally, the Trust has not filed to convert itself from a Maryland real estate investment trust into a Maryland corporation.[36]  Furthermore, under Maryland law, the name of a

---

[34] Exhibit 3, Declaration of Trust; Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 5, Form S-11 Registration Statement at page 14.
[35] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 5, Form S-11 Registration Statement at 17.
[36] Exhibit 4, Form 10-Q for Quarter Ending March 31, 2023 at page 19; Exhibit 6, Articles Supplementary; Exhibit 7, Resolution; Exhibit 8, Filing History.

corporation must include one of the four following words or an abbreviation of those words: (1) company, (2) corporation, (3) incorporated, or (4) limited.  Md. Corp. & Assns. Code Ann. § 1-502(a).

Since there are no allegations regarding the citizenship of the Trust's shareholders, neither Harris nor the Trust has sustained its burden of establishing complete diversity of citizenship.  Therefore, this case should be dismissed under Rule 12(b)(1).

## CONCLUSION

Ms. Harris' complaint and the Trust's crossclaims should be dismissed under Rule 12(b)(1) because neither Ms. Harris nor the Trust have sustained their burden of showing complete diversity of citizenship.  Accordingly, the TK Elevator Defendants respectfully request that this Court grant its motion.

**TK ELEVATOR MANUFACTURING, INC.** and
**TK ELEVATOR CORPORATION,**
By their attorney,

*/s/ John F. Brosnan*
John F. Brosnan/BBO #556678
O'Malley, Harvey, & Brosnan LLC
135 Beaver Street, Suite 201
Waltham, MA 02452
TEL: 617-357-5544
FAX: 617-204-3477
jbrosnan@omalleyharvey.com

Dated: June 5, 2023